PAUL E. MERRILL *vs.* GEORGE F. MERRILL.

Cumberland. Decided April 30, 1877.

*Evidence.*

Where a party is seasonably notified under rule XXVII. of this court to produce at the trial a specified book and it is produced and the party calling for it examines it and omits to introduce it in evidence, the party producing it may introduce so much of it as is pertinent.

Where exception is taken to the omission of a part of a deposition, and the case does not show what that part is, the exception will not be sustained.

Where exception was taken to the use by the presiding justice, of the phrase "as has been stated by counsel" and it did not appear to which counsel he referred or how the excepting party was aggrieved, the exception was not sustained.

Where exception is taken to the expression of an opinion by the presiding justice, under statute of 1874, c. 212, the bill of exceptions must show in some mode what the issue was upon which the alleged opinion was expressed.

This may be done by reporting the pleadings and so much of the evidence as is material, or the excepting party may allege in terms what the particular issue was; and then so much of the charge as is the subject of complaint would present the question.

ON EXCEPTIONS, from the superior court.

ASSUMPSIT for money had and received, to recover back $293.17 paid under protest to redeem certain real estate from a mortgage.

While the suit was pending a deposition was taken on the part of the plaintiff out of the state by commission and duly placed on file. This deposition contained an important reference to the book of accounts of the late Frederick Merrill, which book was in the possession of the plaintiff. After this deposition had been filed, and before trial, notice was duly served on the plaintiff under the rule to produce the book. When the deposition was offered at the trial, the question and answer which contained, among other things, this reference to the book, was objected to by the defendant. The objection was sustained and the question and answer wholly stricken out. During the progress of the trial, and after the offering of the deposition, the book of accounts lying upon the table, the counsel for the defendants asked the counsel for plaintiff to let him see it. The counsel for the plaintiff asked the counsel for the defendant if he called for the book and, upon his assenting, granted the request; and the counsel for defendant saw the book and examined it, and nothing more.

On account of this examination the counsel for the plaintiff claimed that this book was made evidence and should go to the jury. The court thereupon recalled so much of the deposition as related to the book and was explanatory of certain entries therein which had been stricken out, and admitted it and admitted the book.

It is conceded that the only entries on the book which were admitted were pertinent to the case.

The presiding judge, among other things, instructed the jury as follows:

The defendant says that in 1853 his father and he purchased some timber of the Winslows and gave $850 for it; that they purchased it jointly, equally interested in the results of the transaction;

that he paid $250 towards it in gold ; that three notes were given of $200 each, payable in one, two and three years; that after making the cash payment himself, entirely out of his own money, as defendant says, then the two notes which matured earliest, the one and two years notes, were paid out of the proceeds of the Winslow timber ; that before the third note became due, the Winslows wishing to realize upon the note and as the defendant and his father were not ready to advance the payment of it prior to its maturity, the note was sold to Henry Gallison; that subsequently the defendant by labor performed upon the barn of Gallison, and by materials furnished, and perhaps in some other way in which he states, paid his one-half of that third $200 note, and that it was indorsed upon the note as paid by his hand, and that note he claims has not been produced here at the trial.

So that the defendant claims two of the notes were paid out of the joint proceeds of the timber purchased, and that he had paid his one-half of the third note, leaving his father's half, due and unpaid, and that this one-half subsequently went into the mortgage; that the father gave this mortgage to secure the payment of it. But the defendant says nothing was ever received by him as remuneration for the $125, gold, which he had paid in cash for his father at the time of the cash payment towards the Winslow timber ; and he says from 1853 down to the date when the ship timber was delivered to him for the brig, which was in the winter of 1863-4, he had never received from his father any payment of the amount so advanced in his father's behalf, and that when he came to build this brig, he told his father it would require all his property to build his quarter of the brig, and asked his father to deliver to him this ship timber in payment of the $125, and interest, he had advanced so long before for the benefit of his father, towards the purchase of the Winslow timber.

That, briefly stated, is an outline of the case which the defendant presents, and it may perhaps aid you somewhat in bringing the case down to the precise limits where the controversy lies.

Now you perceive that the investigation of a question like this is beset with many difficulties. The lapse of time, the fact that the parties have reduced so little of the transaction to writing, the

fact that so much must depend on the credibility and accuracy of witnesses speaking of remote transactions, is of course a consideration which clearly indicates the difficulty of arriving at the true facts of a transaction of this sort.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In this case, as has been stated by counsel, it will be important for you to observe the acts of the parties, whatever there is of record, whatever there is that is probable or improbable in the statement of witnesses, what was their apparent intention in regard to it, and whatever there may be to guide you in arriving at certain and correct results.

In regard to these three notes, which it is said on the part of the defendant were given for the purchase of the Winslow timber, I think you will find upon examination of these two notes which have been introduced in evidence here, that if the notes were given on one, two and three years, or about that time, that they were to fall due in about one, two or three years, or something near that time; then that the first of the series—the one that fell due in one year—is missing and not the one that fell due in three years.

The notes which are produced here are dated in January, 1853. The first note produced here falls due in one year from the last day of February, 1854, which would be February, 1855. It is dated in January, 1853, so that it falls due in a little more than two years after its date.

The second note is the same date, January, 1853, and falls due in one year from                , 1855, and therefore falls due in 1856, a little more than three years from its date. So that if the defendant is correct in his statement, that three notes were given towards the payment of the Winslow timber, and is correct that they fell due in about one, two and three years, then he could not be correct in his statement that the third note is missing, and that an indorsement of his half is on that note. The two statements cannot be correct; which is correct is for you to determine.

*Counsel for the defendant*: "In regard to the Winslow notes, Mr. Merrill, the defendant, says the notes were given on one, two and three years. If he meant one, two and three years from date, then of course your Honor is right; but if he meant payable one

year apart, that is, one, two and three years from a future date, then I suggest to the court that there is no discrepancy in the defendant's testimony.

In addition thereto, if the Gallison mortgage was not given for one-half of that note, what was it given for ?"

COURT : "I don't think I will change the ruling in regard to that."

The verdict was for the plaintiff; and the defendant alleged exceptions.

*W. H. Vinton,* for the defendant.

I. I examined the book with no reference to its being evidence. The gratification of my curiosity did not make the book evidence.

II. I object to the phrase, "as stated by counsel." Whenever a judge uses this phrase, the jury immediately determine which counsel and, having determined, they at once put the judge upon that side and, so not to be at variance with the judge, put their verdict upon the same side.

III. The judge argues the case upon the Winslow notes, and starts out with "I think." The jury, as is their custom so in this case, substituted the thoughts of the judge for the testimony. In this part of the charge, he interpolated not intentionally the word "about." The testimony was "the notes were payable in one, two and three years," not "about." True the notes were not payable in any exact number of years from the date, but from a future time, and so the judge interpolated the word "about." The witness only intended to testify to the fact that the notes were payable in a certain number of years, not from date, but from a future time, and were payable one year apart; and in this view, his testimony was correct and his defense made out; and yet the judge told the jury that his testimony in regard to the missing note could not be correct, and caused them to believe that the defendant had willfully falsified and threw distrust over his whole defense and lost him his case.

*C. P. Mattocks & E. W. Fox,* for the plaintiff.

I. The plaintiff had the right to put in the book. It would give an unconscionable advantage, to enable a party to pry into the

affairs of his adversary for the purpose of compelling him to fur-
nish evidence against himself, without at the same time subjecting
him to the risk of making whatever he inspects evidence for both
parties. 1 Greenl. on Ev., § 563. *Penobscot Boom* v. *Lamson,*
16 Maine, 224. *Blake* v. *Russ,* 33 Maine, 360. The rule applies
even where the party calling is mistaken as to the contents of the
instrument called for. *Clark* v. *Fletcher,* 1 Allen, 53. The book
being in evidence, it became the duty of the court to admit so
much of the deposition as was explanatory thereof. There was
nothing that the defendant was aggrieved by in the admission.
The law court will not presume in favor of the exceptions. *Web-
ster* v. *Folsom,* 58 Maine, 230.

II. The exception to judge's charge. No evidence is reported.
No facts involved in the case are presented except as shown in the
charge. The court will not presume error. *McCrillis* v. *Hawes,*
38 Maine, 566. *Neal* v. *Paine,* 35 Maine, 158. *Beeman* v. *Law-
ton,* 37 Maine, 543. *Whidden* v. *Seelye,* 40 Maine, 247. There
was nothing reported in the evidence to show that question of the
notes was material.

VIRGIN, J. The thirty-first rule of the superior court is a tran-
script of the twenty-seventh rule of this court. And it has been
repeatedly decided that when, as in the case at bar, a party is sea-
sonably notified under the rule to produce at the trial a specified
book, and it is produced, and the party calling for it examines it
and omits to introduce it in evidence, the party producing it may
introduce so much of it as is pertinent. *Blake* v. *Russ,* 33 Maine,
360. *Penobscot Boom* v. *Lamson,* 16 Maine, 224.

II. Whether or not the particular part of the deposition was
admissible, we have no means of knowing, inasmuch as no part of
the deposition is contained in the bill of exceptions. We cannot
presume the ruling to have been erroneous. *Howes* v. *Tolman,*
63 Maine, 258.

III. It is objected that the judge, in his charge, prefaced some
general observations in relation to weighing the testimony of the
witnesses, with the phrase "as has been stated by counsel." If
this could be considered objectionable in any case, the defendant

fails to show how he was aggrieved in this case, for it does not appear in the exceptions to which of the counsel the remark had reference. If to the defendant's, we cannot perceive how he could be aggrieved thereby.

IV. The St. of 1874, c. 212, in substance provides that whenever an interested party is aggrieved by the expression of an opinion by the presiding justice upon issues of fact arising in a jury trial, he is entitled to a new trial upon exceptions. To bring a case within the provisions of this statute, the bill of exceptions must show in some mode what the issue was upon which the alleged opinion was expressed. This may be done by reporting the pleadings, and so much of the evidence as is material, or the excepting party may allege in terms what the particular issue was; and then so much of the charge as is the subject of complaint would present the question. But nothing of the kind appears in this case, with the exception of a few extracts from the charge; and from these we can glean no expression of opinion upon any issues of fact which may have arisen during the trial. *Allen* v. *Lawrence*, 64 Maine, 175. *State* v. *Benner*, 64 Maine, 267, 291. *State* v. *Smith*, 65 Maine, 257, 269.                *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.