State vs. Brabson.

## No. 9640.

### THE STATE OF LOUISIANA VS. BEN. E. BRABSON.

The State can appeal in criminal cases after verdict rendered and judgment has been arrested.

In an indictment for murder it is not essential that the name of the deceased should follow the word "murder." If it be in another part of the sentence so that it certainly appears to be the object of that verb, and there can be no doubt upon whom the crime is charged to have been committed, it is sufficient to answer the requirements of our statute.

If the prisoner is fully informed by the indictment for the murder of what person he is accused, so that if he had been acquitted he could plead *autrefois acquit* to another indictment for the murder of the same person, the indictment is good.

APPEAL from the Twenty-seventh District Court, Parish of West Carroll. *Williams*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellant

*H. P. Wells* for Defendant and Appellee.

The opinion of the Court was delivered by

MANNING, J. The defendant was indicted for murder, was convicted of manslaughter, and moved in arrest of judgment, which motion being sustained the State appealed.

The prisoner moves here to dismiss the appeal on two grounds:

1. That the State cannot appeal in criminal cases after verdict rendered.

We have recently held that the same reasons that entitle the State to an appeal when the indictment has been quashed and the prosecution has thus been prevented, apply when the prosecution has been

successful and judgment thereon has been arrested. State v. Robin- ·
son, 37 Ann. 673.

2. "That there has been no final settlement of the case in the lower
court, the accused being still held for trial for the same offence."

The object of the appeal is to make final the trial already had.

The motion is denied.

The ground of the motion in arrest is, "it is not charged in the in-
dictment that the accused did make an assault, nor is it charged that
the accused did feloniously and of his malice aforethought kill and
murder John F. Webb."

The indictment charges that the prisoner " with force and arms in
and upon the body of one John F. Webb, a person in the peace of the
State, then and there being feloniously, willfully, and of his malice
aforethought did kill and murder contrary, etc."

The objection appears to be that the name of Webb is not repeated
after the word "murder."

By our statutes nothing more is required in an indictment for mur-
der but to charge that the accused did feloniously, willfully and of his
malice aforethought, kill and murder the deceased. Rev. Stats., sec.
1048. It is not sacramental that the name of the deceased shall follow
the word "murder." If it be in another part of the sentence, so that
it certainly appears to be the object of that verb, and there can be no
doubt upon whom the crime is charged to have been committed, it is
sufficient to answer the requirements of the statute. Wharton Cr. Pl.
and Pr. § 760.

The prisoner is fully informed by this indictment for the murder of
what person he is charged, and if he had been acquitted could have
pleaded *autrefois acquit* to another indictment for the murder of the
same man. State v. Frances, 36 Ann. 336 ; State v. Simien, Ibid, 923.

The motion in arrest was improperly sustained and the case must be
remanded for sentence to be passed upon the prisoner for the crime of
which he has been convicted.

It is therefore ordered and decreed that the ruling of the lower court
sustaining the motion in arrest of judgment is avoided and reversed,
and the case is remanded with directions to the judge below to pass
sentence upon the prisoner according to law.