The appeal is, for the reasons assigned, hereby dismissed.

————

(33 South. 108.)

No. 14,580.

STATE v. JONES.

(Dec. 1, 1902.)

EMBEZZLEMENT—INDICTMENT—SUFFICIENCY.

1. An indictment charging a statutory crime in the words of the statute is sufficient.

(Syllabus by the Court.)

Appeal from judicial district court, parish of De Soto; John Bachman Lee, Judge.

John Jones was convicted of embezzlement, and appeals. Affirmed.

Charles W. Elam and James W. Parsons, for appellant. Walter Guion, Atty. Gen., and Amos L. Ponder, Dist. Atty. (Walter Guion, of counsel), for the State.

PROVOSTY, J. The indictment against the defendant charges that he "did, while acting as servant, agent, trustee, mandatory of W. P. Sample, wrongfully and feloniously embezzle, convert to his own use, dispose of, and conceal fourteen dollars, lawful money of the United States, which had been intrusted to his care, keeping and possession by the said W. P. Sample, with the felonious intent to appropriate the same to his own use and benefit and deprive the owner, W. P. Sample, thereof."

The defendant moved in arrest of judgment, on the following grounds:

"(1) That said pretended bill does not allege or set forth what character of money is pretended to have been embezzled.

"(2) That said pretended bill does not allege that the property or money alleged to have been embezzled was received by the defendant by virtue of a fiduciary relation to any person.

"(3) That said pretended bill specifically alleges that the prosecutor intended to have said money embezzled.

"(4) If the defendant is not correct in the above contention, then said pretended bill at most charges an intended embezzlement, which is no offense under the laws of this state."

Of these grounds the fourth is abandoned; the third is, we assume, not urged seriously; and the first is not good, under express statutory provision. Section 906, Rev. St.; State v. Palmer, 32 La. Ann. 565.

Nor is the second ground tenable. The indictment is under section 905, Rev. St., which has been held to create a statutory crime such as may be charged in the words of the statute. State v. Fricker, 46 La. Ann. 646, 12 South. 755. The words of the section 905, leaving out the parts not pertinent, are, as follows:

"Any servant, agent, trustee, mandatory, * * * who shall wrongfully, use, dispose of, conceal, or otherwise embezzle any money * * * which shall have been entrusted to his care, keeping or possession by another upon conviction," etc.

Comparison shows that this statute is copied word for word in the indictment, with only such changes as were absolutely requisite to fit the statute into the frame of an indictment. How a crime could be more exactly charged in the words of the statute it is not easy to imagine. The motion in arrest of

judgment was, therefore, properly overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.