MONROE, C. J.
The state prosecutes this appeal from a judgment quashing an indictment reading in part as follows:
“That R. L. Caldwell did willfully * * _* feloniously and wrongfully, appropriate to his *337 own use and embezzle moneys belonging to Cotton Plant Woodman Camp, No. 379, to the amount of $193, same having been given to said It. L. Caldwell in trust for said camp, as the clerk of said camp.”
Defendant has put in no appearance, in person or by counsel.
The grounds alleged in the motion to quash are that:
“The indictment fails to allege the ownership of the moneys mentioned [in] any person, partnership, or corporation capable of exercising or enjoying ownership; there is no allegation as to who delivered said money to defendant; there is no person mentioned capable of conferring such relation on defendant.”
The statute under which defendant is prosecuted is Act 31 of 1888, amending and re-enacting section 905 of the Revised Statutes. It reads (omitting language unnecessary to be here considered):
That “any servant, clerk, * * * who shall wrongfully use, dispose of, conceal, or otherwise embezzle any. money, * * * or any other property which he shall have received for another, or for his employer, * * * or by virtue of his office, trust or employment, or which shall have been intrusted to his care, keeping or possession by another, or by his employer * * * upon conviction thereof, * * * shall suffer,” etc.
It will be seen that the statute makes it a substantive offense for a “clerk, wrongfully [to] use, dispose of, conceal, or otherwise embezzle, any money * * * which he shall have received * * * by virtue of his * * * trust, or employment,” and that the indictment charges defendant with that offense in practically the language of the statute, and goes somewhat beyond its requirements, in alleging to whom the money belonged. The statute does not, in terms, require that the name of the employer or cestui que trust be given, but, conceding that it should be, the name of the employer, as given, meets that requirement, since, to the common mind, it indicates a corporation or an association, and, in either case, an entity capable of employing a clerk and intrusting him with money. In State v. Fricker, 45 La. Ann. 646, 12 South. 755, it was held that:
“The statute [Act 31 of 1888] describes the acts constituting the crime with such precision and certainty as fully to inform the defendant of the nature of the charge, and an information following the words of the statute is sufficient.” Syllabus.
See, also, State v. Jones, 109 La. 125, 33 South. 108.
The judgment appealed from is therefore set aside, and the case is remanded to be proceeded with according to law and to the views herein expressed.