STATE OF MAINE *vs.* FRED B. LITTLEFIELD.

York.    Opinion December 27, 1922.

*An indictment for liquor nuisance, without alleging cider was kept or sold for tippling purposes or as a beverage, held sufficient.*

This court is of the opinion that the time has come when mere refinement of pleading should not be invoked as a subterfuge for the escape of manifest violators of the criminal law.    When an indictment employs the use of language which makes clear and unambiguous the offense with which the respondent is charged and enables him to fully comprehend the charges and make full defense to every allegation in the indictment, we are of the opinion that such indictment is sufficient and should not be quashed because it does not happen to be couched in that technical language and form required by the courts in pleadings, when the law required the infliction of the death penalty for stealing a sheep or imprisonment for life for committing what now may be called a misdemeanor.

On exceptions and motion for a new trial by respondent. The respondent was indicted for a liquor nuisance. The intoxicating liquors as set forth in the indictment, as a matter of fact, consisted of cider, and it was not alleged in the indictment specifically that cider was kept or sold for tippling purposes or as a beverage, and for that reason, counsel for respondent contended that the indictment did not include cider, and excepted to the introduction of evidence bearing on the question of cider as constituting intoxicating liquor. The respondent was found guilty and his counsel filed a general motion for a new trial which was not considered in this case as it was not properly before the Law Court.   Exceptions overruled.

The case is stated in the opinion.

*Edward S. Titcomb, County Attorney,* for the State.

*Willard and Ford,* for respondent.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

SPEAR, J.   It is admitted that the issue of law in the present case is the same as that upon which *State* v. *Douglass* was decided in

121 Maine, 137. It was there said: ''An indictment for selling intoxicating liquor, then, includes cider, only when it is sold for tippling purposes, or as a beverage. Therefore, a respondent indicted as a common seller for selling cider, can be so indicted, only upon the hypothesis that he is selling it for tippling purposes, or as a beverage. Hence, a respondent so indicted is furnished with knowledge that he is charged, under the statute, with the offense of sellng cider for tippling purposes, or as a beverage.

''We are unable, therefore, to discern why, when a respondent is charged with being a common seller of intoxicating liquor, he does not have the same knowledge of the offense, when proof is offered in support of the charge, that he has sold cider as a beverage, or for tippling purposes, that he would have if proof was offered that he had sold whiskey, beer, ale, porter, or some mixed liquor in proof of the same charge.''

This court is of the opinion that the time has come when mere refinement of pleading should not be invoked as a subterfuge for the escape of manifest violators of the criminal law. When an indictment employs the use of language which makes clear and unambiguous the offense with which the respondent is charged, and enables him to fully comprehend the charges and make full defense to every allegation in the indictment, we are of the opinion that such indictment is sufficient and should not be quashed, because it does not happen to be couched in that technical language and form, required by the courts in pleadings, when the law required the infliction of the death penalty for stealing a sheep or imprisonment for life for committing what now may be called a misdemeanor. We, accordingly, see no reason for overruling *State* v. *Douglass* in 121st Maine.

The motion is not considered in this case as it is not properly before the Law Court.

*Exceptions overruled.*