On Rehearing.
 

 BRUNOT, J.
 

 This case is accurately stated in our original opinion which was entered and filed July 11, 1927. When the case was first submitted, the defendant was not represented, but, before the judgment became final,
 
 *699
 
 an application for" rehearing was ' presented, in which it was shown that a mistake had been made relative to the date fixed for the submission of the cause, and, as this mistake was not attributable to the defendant or his counsel, a rehearing was granted, and the case is now finally submitted.
 

 There are no bills of exception in the record, but a motion in arrest of judgment was filed and overruled, and therefore counsel contend that the appeal is properly before the court. They rely upon the case of State v. Williams, 111 La. 1033, 36 So. 111, in which case, we think, the court correctly held that,' when a motion in arrest of judgment is. overruled, the matter presents 'only questions of law that may be brought up on appeal without the necessity of a formal bill of exceptions or an assignment of error.
 

 The defendant’s motion in arrest of judgment is based upon two grounds; viz. that defendant was prosecuted for a crime unknown to the laws of this state; and, second, that the information charges the defendant with several distinct offenses, and leaves it uncertain as to the accusation relied upon for conviction.
 

 ' The first ground alleged in the motion is not mentioned in the brief filed by defendant’s counsel, and we therefore assume that it is abandoned. However, in our original opinion, we found that the defendant was prosecuted under the provisions of section 905, R. S., as amended and re-enacted by Act 165 of 1918; that the information followed the words of the statute with such changes only as were necessary to set out the particular crime charged; and that, in the case of State v. Jones, 109 La. 125, 33 So. 108, it is held that section 905 R. S., as amended, creates a statutory crime such as may be charged in the language of the statute. We may add that the case of State v. Fricker, 45 La. Ann. 646, 12 So. 755, is to the same effect.
 

 The second ground upon which the motion in arrest of judgment is based is as follows:
 

 “That the bill of information charges the defendant with several distinct offenses in such a manner as to leave it uncertain as to what is relied on as the accusation against him.”
 

 The crime charged in the information is embezzlement. Counsel for defendant have confounded the
 
 fiduciary capacity
 
 in which defendant is alleged to have acted with the
 
 act of embezzlement.
 
 Their only complaint-is found on page 3 of their brief. It is as follows:
 

 “The defendant’s complaint is that the bill of information charges in one and the same count that he (the defendant) was ‘acting as agent, servant, trustee, or mandatory of Annie Williams,’ and this is not permitted under our system of criminal procedure.”
 

 In support of their contention they cite State v. Fant, 2 La. Ann. 837; State v. Banton, 4 La. Ann. 32; State v. Fuller, 14 La. Ann. 667; State v. Adam, 31 La. Ann. 718; State v. Flint, 33 La. Ann. 1291; State v. Richards, 33 La. Ann. 1295; and several other cases of similar import. It is not necessary to review these authorities, for the reason that they do not apply
 
 to
 
 this case. The question presented here was not considered by the court in any of the cited cases, and we have found no case in which it is held that, in a prosecution for embezzlement, the use, in the indictment of more than one of the terms of the statute designating the capacity of the accused, is a fatal defect. This is true regardless of whether such terms are written in the statute conjunctively or .disjunctively. Such, however, is not the rule where the statute creates more than one crime in the disjunctive form and the information charges more than one of said crimes in a single count.
 

 All that the law and jurisprudence of this state requires in cases such as this is that
 
 *701
 
 there should be some averment in the indictment of the fiduciary relation between the accused and the owner of the property, and that the property was intrusted to the accused because of that relation.
 

 In our original opinion, we found that the information in the record is in the words of the statute, and a mere reading of the statute shows that it describes the acts constituting the crime of embezzlement with such precision and certainty as to fully inform the defendant of the nature of the charge against which he is to prepare his defense, and to furnish him with a complete plea of autrefois acquit or convict in bar of another indictment for that offense. This is all that the law requires, and all of the authorities so hold. State v. Smith, 5 La. Ann. 340; State v. Hood, 6 La. Ann. 179; State v. Read, 6 La. Ann. 229; State v. Benjamin, 7 La. Ann. 47; State v. Keogh, 13 La. Ann. 243; State v. Price, 37 La. Ann. 215; State v. Boasso, 38 La. Ann. 202; State v. Philbin, 38 La. Ann. 964; Commonwealth v. Ashley, 2 Gray (Mass.) 356; Commonwealth v. Filburn, 119 Mass. 299; Wgart. Cr. P. and P. § 158; State v. Hunter, 8 Blackf. (Ind.) 212; Buckley v. State, 2 G. Greene (Iowa) 162; State v. Hereford, 13 Mo. 3; State v. Thomas, 3 Strob. (S. C.) 269; State v. Click, 2 Ala. 26; 1 Bish. Cr. Proc. § 611; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; State v. Fritz, 27 La. Ann. 360; State v. Brabson, 38 La. Ann. 144.
 

 If the defendant was uncertain as to the capacity in which the information charges that he acted, he might have asked for a bill of particulars before pleading thereto. Bishop’s New Cr. Procedure, 642. He did not avail himself of this right, and by going to trial without so doing he waived it. We find no error in our original opinion, and the decree therein rendered is reinstated and made the final judgment of the court.