**Frank Gotch STEWART, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 826.**

Supreme Court of Alaska.

March 1, 1968.

Peter J. Kalamarides, Anchorage, for appellant.

Russell J. Gallagher, Asst. Dist. Atty., and Robert N. Opland, Dist. Atty., Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

In March 1966 a superior court grand jury in Anchorage, Alaska, returned the following indictment against appellant:

### INDICTMENT

LARCENY IN A BUILDING—
AS 11.20.150

THE GRAND JURY CHARGES:

That on or about the 18th day of March, 1966, at or near Anchorage, in the Third Judicial District, State of Alaska, Frank Gotch Stewart did wilfully, unlawfully and feloniously commit the crime of larceny by taking, stealing and carrying away, with intent to permanently deprive the owner thereof, one (1) carton of Pall Mall cigarettes, the property

of Super S Store, from the Super S Store, located at 9th and Gambell Street, Anchorage, Alaska.

All of which is contrary to and in violation of AS 11.20.140 and against the peace and dignity of the State of Alaska.[1]

At trial the state's presentation tended to establish that appellant had stolen a carton of cigarettes in the Super S Store on the date in question. At the conclusion of the state's case in chief, appellant moved for a judgment of acquittal on the grounds of "failure of proof" and that the indictment did not charge the offense of larceny in a building. Appellant's counsel in part argued that the indictment charged an "entirely separate offense" was "ambiguous" and "prejudicial" due to appellant's inability adequately to defend against it. Counsel further argued that in order for an indictment properly to charge the offense of larceny in a building, it must be alleged that the theft occurred *in,* not *from,* the building.[2] In the course of his oral argument in support of the motion, appellant's counsel stated that, "We're not moving to dismiss the indictment." Counsel also informed the court that the purpose of his motion was to point out that the indictment did not meet the requirements of AS 12.40.100 and Criminal Rule 7(c). The trial court then denied appellant's motion for judgment of acquittal.[3]

Subsequent to this ruling, appellant presented defense testimony in an effort to demonstrate that the state's witnesses were mistaken as to the identity of the thief.[4] After the state's rebuttal evidence had been presented, appellant again moved for the entry of a judgment of acquittal. Appellant reasserted the grounds which he had initially urged in support of his motion for judgment of acquittal, and additionally argued that "ownership of the property alleged to have been taken has never been brought up by any of the witnesses in this case," and that the nature of the Super S Store was never established as a juristic

1. The crime of larceny in a building is defined by AS 11.20.150 as:

    A person who commits the crime of larceny in a dwelling house, banking house, office, store, shop, or warehouse, or in a ship, steamboat, or other vessel, or who breaks and enters in the night or daytime a church, courthouse, meeting house, town house, college, academy, or other building erected or used for public uses, and commits the crime of larceny in it, is punishable by imprisonment in the penitentiary for not less than one nor more than seven years.

    AS 11.20.140 defines the crime of larceny of money or property as:

    A person who steals money, goods, or chattels, or a government note, a bank note, promissory note, bill of exchange, bond, or other thing in action, or a book of accounts, order or certificate concerning money or goods due or to become due or to be delivered, or a deed or writing containing a conveyance of land or interest in land, or a bill of sale, or writing containing a conveyance of goods or chattels or interest in them, or any other valuable contract in force, or a receipt, release, or defeasance, or a writ, process, or public record, which is the property of another, is guilty of larceny. Upon conviction, if the property stolen exceeds $100 in value, a person guilty of larceny is punishable by imprisonment in the penitentiary for not less than one nor more than 10 years. If the property stolen does not exceed $100 in value, the person, upon conviction, is punishable by imprisonment in a jail for not less than one month nor more than one year, or by a fine of not less than $25 nor more than $100.

2. Counsel also argued that the indictment was contradictory in that in its caption the offense was cited as AS 11.20.150 (larceny in a building), while the body of the indictment both charged and cited violation of AS 11.20.140, our general larceny statute.

3. On the basis of the grounds urged, appellant requested that a judgment of acquittal be entered as to both the crimes of larceny in a building and grand larceny.

4. Appellant's brother-in-law testified that he was the person who was stopped in the Super S parking lot on the date in question by the prosecution's witnesses.

entity.[5] Appellant's motion was again denied by the trial judge.[6]

After twenty hours of deliberation the jurors informed the trial court that they were unable to agree upon a verdict. The court then declared a mistrial "and the case [was] set on for further trial, the date to be determined by the presiding judge." Thereafter, appellant moved, pursuant to Criminal Rule 29(b) for judgment of acquittal.[7] In again denying the motion for acquittal, the trial judge said he "found that under the body of the indictment it was sufficient to show the intent to charge under larceny in a building." [8] In his notice of appeal to this court, appellant states he was appealing from "the denial of [his] motion for a judgment of acquittal, made after the jury had been discharged," and "from the denial of his motion for acquittal at the close of the State's case and at the close of [his] case before the jury had been discharged."

Essentially two issues are attempted to be raised by appellant in his specification of errors. First, appellant argues that the lower court committed error by refusing to grant judgments of acquittal as to the crimes of larceny in a building and grand larceny on the basis of the "phraseology of the indictment." Appellant also advances the contention that since the prosecution failed to prove the identity of the Super S Store as a jural entity capable of property ownership, the trial court erroneously denied his motion for judgment of acquittal.

■ The factual context in which this case comes to us presents questions relating to procedure. Appellee contends that the appeal should be dismissed since there was no final judgment entered by the trial court.[9] We are in agreement with appellee's position and hold that a denial of a motion for judgment of acquittal where a new trial has been ordered does not terminate the proceedings, and is not a final order within the intendment of Supreme Court Rule 6. The same result has been reached by federal courts which have considered the problem. In United States v. Swidler[10] it was said that:

Since no judgment of sentence has been entered by the court below, a new trial having been ordered, we conclude that the order denying judgment of acquittal is not a final reviewable decision within the purview of Section 1291.[11]

5. More specifically, appellant's counsel stated:
Now, on those grounds we think that the entire case fails, because not only must the loss be in the dwelling alleged the owner, and proved the owner in the case; but our grand larceny, or general larceny statute, and our petty larceny statutes require that the owner be identified and he has not been in this particular case.

6. At this time the trial judge ruled that the indictment was not faulty stating, "I would consider that the conclusion, as either surplusage or actually could be amended to read 150 instead of 140."

7. Crim.R. 29(b) provides in part:
If the motion is denied and the case submitted to the jury, the motion may be renewed within 5 days after the jury is discharged * * *. If no verdict is returned the court may order a new trial or enter judgment of acquittal.

8. The trial judge also stated that he thought "that the last portion [was] a typographical error of the clerk who put in the 140 instead of the 150."

9. Supreme Ct.R. 6 reads:
An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

10. 207 F.2d 47, 48 (3d Cir.), cert. denied, 346 U.S. 915, 74 S.Ct. 274, 98 L.Ed. 411 (1953).

11. See also Northern v. United States, 300 F.2d 131, 132–33 (6th Cir. 1962) (footnotes omitted), where it was stated:
Appellant argues that unless an appeal is permitted at this juncture of the litigation, no effective remedy is available to correct the failure of the District Judge to order an acquittal because of the insufficiency of the evidence at the conclusion of the first trial.

■ Our conclusion that the superior court's denial of appellant's motion for judgment of acquittal was not a final order disposes of any questions appellant has attempted to raise by appeal as to the sufficiency of the state's evidence. Under Criminal Rule 29 judgments of acquittal are only authorized "if the evidence is insufficient to sustain a conviction of such offense or offenses." Rule 29 deals exclusively with sufficiency of evidence questions. It is not a vehicle for testing the sufficiency of an indictment. The defense that an indictment fails to charge an offense is required by Criminal Rule 12(b) (2) to be raised by motion.[12]

■■ Considering the matter before us as a petition for review, we are of the opinion that the indictment sufficiently

(Rule 29, F.R.Cr.P., 18 U.S.C.A.). He reasons so because he will be subjected to a second trial, a trial costly and time consuming, both to him and to the United States, which will have no bearing on the question which will be raised on appeal—whether it was proper for the District Judge, at the end of the first trial, to deny judgment of acquittal.

\* \* \* \* \*

Usually, the only 'final decision' in a criminal case is the judgment, the imposition of the sentence. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. Under certain circumstances, however, an order entered in criminal proceedings prior to sentence may be a 'final decision' within the meaning of the statute. In Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, an order overruling motions to reduce bail pending trial was held to be an appealable order. In that case, as in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the order sought to be reviewed, finally adjudicated, claimed rights which as a practical matter never would have been reviewed if appellate consideration had been postponed until the entry of final judgment. That is not the situation before us. The order involved here will be reviewed. The fact, alone, that this review may be deferred until after another trial, is not determinative. Cf., Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

charges the essential facts which constitute the crime of larceny in a building.[13] In Thomas v. State[14] this court had occasion to pass upon the sufficiency of an indictment which purported to charge the offense of armed robbery. There we said in part:

[T]he indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It satisfactorily enables the defendant to understand the nature of the charge and prepare his defense and it makes the verdict and judgment available as a bar to a subsequent prosecution for the same offense. \* \* \* Lastly, the defendant has made no showing that any of his substantial rights were prejudiced by the wording of the indictment in this case.[15]

In an analogous situation, Ford Motor Co. v. Busam Motor Sales [6 Cir.], 185 F.2d 531, we held that an order overruling a motion for judgment notwithstanding the verdict, but granting a new trial, was not an appealable order. Although that was a civil case, what Judge Miller, speaking for the court, said there is pertinent here. The order overruling the motion for judgment of acquittal is 'reviewable by the Court of Appeals at the proper time, which is following the subsequent entry of the final judgment which disposes of the case, and from which an appeal may be taken.' 185 F.2d 531, 534.

12. Crim.R. 12(b) (2) provides:
Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. \* \* \* Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

13. AS 11.20.150.

14. 391 P.2d 18 (Alaska 1964).

15. 391 P.2d 18, 24 (Alaska 1964) (footnote omitted). See also Theodore v. State, Alaska, 407 P.2d 182, 190 (1965), cert. denied, Theodore v. Alaska, 384 U.S.

■ The indictment in the case at bar meets the *Thomas* criteria. A fair reading of its contents manifests that the essential facts constituting the offense of larceny in a building were charged. We are of the opinion that the indictment was sufficient to enable appellant to understand the nature of the offense charged in order to prepare his defense, and to plead former jeopardy in the event of subsequent prosecution for the same offense. Additionally, Rule 7(c), Rules of Criminal Procedure, provides in part that, "Error in the citation * * * shall not be ground for dismissal of the indictment * * * if the error * * * did not mislead the defendant to his prejudice." Here the erroneous citation to AS 10.20.140[16] (Alaska's general larceny statute) did not vitiate the indictment because, in our opinion, the text of the indictment which precedes this erroneous citation clearly alleges the essential facts of the crime of larceny in a building.[17] Erroneous citations of precisely this nature were intended to be covered by Alaska's Criminal Rule 7(c). We also note that review of the entire record fails to disclose that appellant was in any way misled to his prejudice by the citation to AS 10.20.140 instead of AS 11.20.150.[18]

■ Concerning appellant's contention that the indictment was insufficient because of its failure to specify that the Super S Store was an entity capable of owning property, we hold that such an allegation is unnecessary. All that is required to be alleged in this regard in charging the crime of larceny in a building are facts showing that the property taken was not the property of the accused.[19]

The appeal is dismissed.

---

951, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966); Marrone v. State, 359 P.2d 969, 979–980 (Alaska 1961).

16. The text of this section appears in n. 1 of this opinion.

17. In reaching this conclusion we hold that the portion of the indictment which reads "by * * * stealing * * * one (1) carton of Pall Mall cigarettes, the property of Super S Store, from the Super S Store, located at 9th and Gambell Street" adequately informed appellant that he was being charged with the crime of larceny in a building (i. e., with the crime of larceny of a carton of cigarettes which crime was committed in the Super S Store).

18. Crim.R. 7(c) further provides: No indictment is insufficient * * * by reason of a defect or imperfection in matter of form in the indictment, which does not tend to prejudice the substantial rights of the defendant. See Price v. State, 437 P.2d 330 (Alaska, February 13, 1968); Theodore v. State, Alaska, 407 P.2d 182, 190 (1965), cert. denied, Theodore v. Alaska, 384 U.S. 951, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966).

19. Wood v. State, 76 Nev. 312, 353 P.2d 270, 271–272 (1960); Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534, 539 (1950); State v. Hume, 145 Me. 5, 70 A.2d 543, 545 (1950); Davis v. State, 196 Ind. 213, 147 N.E. 766, 770 (1925); State v. Caldwell, 142 La. 336, 76 So. 792 (1917); Gibson v. State, 13 Ga.App. 67, 78 S.E. 829 (1913); Mattox v. State, 115 Ga. 212, 41 S.E. 709, 712 (1902); State v. Rollo, 19 Del. 421, 54 A. 683, 684 (1901); State v. Grant, 104 N.C. 908, 10 S.E. 554, 555 (1889).