**STATE of Alaska, Appellant,**

v.

**Thomas E. THOMAS, Appellee.**

**No. 2234.**

Supreme Court of Alaska.

Sept. 3, 1974.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, W. H. Hawley, Asst. Dist. Attys., Anchorage, for appellant.

Herbert D. Soll, Public Defender, Phillip P. Weidner, Asst. Public Defender, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

ERWIN, Justice.

This case involves an appeal by the state from a dismissal of an indictment. On March 18, 1974, a criminal complaint charging attempted rape was filed against appellee, Thomas E. Thomas. On March 21, the grand jury returned the following indictment charging the crime of attempted rape and citing the rape statute:[1]

. . . [O]n or about the 18th day of March, 1974, at or near Anchorage, in the Third Judicial District, State of Alaska, Thomas Edward Thomas did unlawfully and feloniously attempt to carnally know and abuse Ursula Stephaney Trader, a female person, forcibly and against her will.

All of which is contrary to and in violation of AS 11.15.120 and against the peace and dignity of the State of Alaska.

At the omnibus hearing the superior court dismissed the indictment on the ground that it failed to include a citation to Alaska's attempt statute, AS 11.05.020.[2] Although it is not clear from the record, it appears that a second ground for dismissing the indictment may have been the failure of the indictment for attempt to allege a specific intent to commit rape. The state filed a timely appeal.[3]

On the question whether there was citation of the proper statute, the state makes a persuasive argument that an indictment charging attempted rape and citing only the rape statute, AS 11.15.120, is sufficient. We see no reason to read Criminal Rule 7(c)[4] to require absolute

---

1. The Alaska rape statute, AS 11.15.120, provides:

   *Rape.* A person who (1) has carnal knowledge of a female person, forcibly and against her will, or (2) being 16 years of age, carnally knows and abuses a female person under 16 years of age, with her consent, is guilty of rape.

2. AS 11.05.020 provides:

   *Punishment for attempt.* A person who attempts to commit a crime, and in the attempt does any act toward the commission of the crime, but fails, or is prevented or intercepted in the perpetration of the crime, when no other provision is made by law for the punishment of the attempt, upon conviction, is punishable as follows.

   (1) If the crime attempted is punishable by imprisonment in the penitentiary or state jail, the punishment for the attempt is by the same imprisonment, as the case may be, for a term not more than half the longest period prescribed as a punishment for the crime. If the period prescribed as a punishment for the crime is an indeterminate or life term, the punishment for the attempt shall be fixed by the court at a term not more than 10 years.

   (2) If the crime attempted is punishable by a fine, the punishment for the attempt shall be by a fine of not more than half the amount of the largest fine prescribed as a punishment for the crime.

3. This court has jurisdiction under AS 22.-05.010(a) to hear appeals by the state testing the sufficiency of indictments.

4. Alaska R.Crim.P. 7(c) provides:

   (c) *Nature and Contents—Defects of Form Do Not Invalidate.* The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. When an indictment is found the names of all witnesses examined before the grand jury must be inserted at the foot of the indictment, or endorsed thereon, before it is presented to the court. No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in matter of form in the indictment, which does not tend to prejudice the substantial rights of the defendant.

precision of citation before a criminal indictment is valid when it is clear from its language that a crime has been charged.[5]

Appellee argues that the indictment is also fatally defective because the crime of attempted rape requires a specific intent to commit rape while the crime of rape does not; yet Thomas' indictment did not charge that the attempt was accompanied by a specific intent to rape.

This argument is unsupported by legal authorities requiring the pleading of a specific intent in an indictment charging attempted rape. There is authority for the proposition that a specific intent must be proved for the crime of attempted rape.[6] But we have found no authority supporting the proposition that the indictment must specify that intent.

In Christian v. State [7] we set out the test for reviewing the sufficiency of an indictment:

[U]nder modern principles of criminal procedure an indictment should not be construed hypertechnically in an effort to find fatal flaws when, by a reasonable approach, it can be read as fulfilling the basic criteria of sufficiency.

The indictment in this case charged that the appellee "did unlawfully and feloniously attempt to carnally know and abuse . . . a female person . . . forcibly and against her will." Even though there is no question that the crime of attempt requires a specific intent,[8] it seems equally beyond dispute that a charge of attempt to commit a specific crime clearly advises the defendant of the offense with which he is charged.

This view was adopted in State v. Scott[9] where defendants similarly sought dismissal of an indictment for attempted robbery because it did not charge the intent with which the attempt was made:

The information follows the language of [the robbery statute] in charging the crime attempted to be perpetrated. A robbery charge so made would be good. It was unnecessary to allege a felonious intent on the part of the defendants to convert the money to their own use and to deprive the owner thereof.

The decision of the superior court is reversed and the case is remanded for trial on the indictment.

---

5. *See* Stewart v. State, 438 P.2d 387, 390 (Alaska 1968) ; Theodore v. State, 407 P.2d 182, 190 (Alaska 1965), cert. denied, 384 U.S. 951, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966) ; Thomas v. State, 391 P.2d 18, 24 (Alaska 1964).

6. *E. g.*, State v. Franklin, 139 W.Va. 43, 79 S.E.2d 692, 697 (1953).

7. 513 P.2d 664, 667 (Alaska 1973).

8. AS 11.05.020 *supra* note 2.

9. 332 Mo. 255, 58 S.W.2d 275, 277 (1933), overruled on other grounds in State v. Williams, 337 Mo. 884, 87 S.W.2d 175 (1933) (citations omitted).
   We note that the Federal Rules Advisory Committee commented on the similar Fed.R. Crim.P. 7(c) in part as follows :

> The law at present regards citations to statutes or regulations as not a part of the indictment. A conviction may be sustained on the basis of a statute or regulation other than that cited. Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509 [1897] ; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 [1941]. The provision of the rule, in view of the many statutes and regulations, is for the benefit of the defendant and is not intended to cause a dismissal of the indictment, but simply to provide a means by which he can be properly informed without danger to the prosecution.

18 U.S.C.A. Rule 7, at 325 (1969). See 1 C. Wright, Federal Practice and Procedure § 124, at 227–29 (1969) and cases cited therein.