## LADOW and CHADSEY *vs.* GROOM.

Where a party, intending to appeal to the common pleas from a judgment of a jus-
tice of the peace, procured the allowance of an appeal to be endorsed by a proper
officer upon a paper purporting to be an affidavit, and served the same upon the
justice who rendered the judgment, complying at the same time with the other
requirements of the statute respecting appeals; but the jurat to the affidavit was
not subscribed by any officer; *held,* that no appeal was perfected.

ERROR to the Saratoga common pleas. Groom sued Ladow
and Chadsey in a justice's court, and declared in substance that
the defendant Chadsey had theretofore sued the plaintiff before
the defendant Ladow as a justice of the peace, and that an issue
of fact having been joined, the plaintiff recovered on the trial
above $25 damages, besides costs; that within ten days thereafter
the defendant in that judgment, the plaintiff in this suit, presented
to a supreme court commissioner an affidavit for the allowance
of an appeal, and that an appeal was accordingly allowed and
the allowance endorsed on the affidavit, and that within thirty
days after the rendering of the judgment the plaintiff served the
affidavit and allowance of appeal upon the defendant Ladow,
and at the same time delivered to him the bond required by law
on making an appeal, which the defendant L., as such justice,
certified to be sufficient, and that he also paid to him the sum
allowed for making the return to the appeal and the costs of the
suit; and that afterwards the defendant Ladow, on the applica-
tion of Chadsey, the other defendant, (disregarding the appeal)
issued an execution on the judgment, by virtue of which the
plaintiff's property was sold by a constable, whereby the plain-
tiff sustained damage and his credit was impaired and lost.
The defendants pleaded the general issue and gave notice of
special matter; and upon the trial before the justice the plaintiff
recovered against the defendants thirty dollars damages, besides
costs; and the defendants appealed to the common pleas.

On the trial in the common pleas the plaintiff proved the
judgment and execution mentioned in the declaration, the judg-

ment having been rendered on the 26th July, and the execution issued on the 28th October, 1843, and that the plaintiff's property had been sold on the execution, which was delivered to the officer by the defendant Chadsey, and that the damages and costs recovered against the plaintiff had been paid by the constable to the parties entitled thereto. A witness on the part of the plaintiff then proved that within the time allowed by law a paper purporting to be an affidavit and an appeal bond'had been delivered by the plaintiff to the defendant Ladow, who had certified to the sufficiency of the sureties, and that the costs and fee for making the return had been likewise paid to Ladow who promised to make a return. The affidavit, which was produced, was signed by the plaintiff, but lacked the signature of the officer to the jurat. An allowance of the appeal was, however, endorsed upon it by a supreme court commissioner. The defendants moved for a nonsuit on the ground that it did not appear that the paper called an affidavit had been sworn to; and that no affidavit had in fact been presented to the commissioner who allowed the appeal, or been served upon Ladow, the justice from whose judgment the appeal was intended to be taken. The court refused to nonsuit the plaintiff, but held that upon the facts proved he was entitled to recover and so instruct· ed the jury, who found a verdict for the plaintiff, and the defendants' counsel excepted. A bill of exceptions was duly signed.

*G. G. Scott,* for the plaintiffs in error, referred to 2 *R. S.* 284, § 50; 3 *Caines,* 128; 5 *Hill,* 562; 18 *Wend.* 598; 6 *id.* 550; 11 *id.* 174.

*Ellis & Bullard,* for the defendant in error, cited 2 *Cowen,* 506.

*By the Court,* BEARDSLEY, J.    The declaration proceeds upon the assumption that the execution was illegal, having been issued after an appeal from the judgment had been duly taken to the court of common pleas. One party urges that the appeal was legally made, which is denied by the other; and this is the only point to be decided.

Ladow *v.* Groom.

When an appeal has been duly made, all proceedings on the judgment before the justice are to be suspended, and nothing can lawfully be done thereupon until said appeal shall be dismissed or discontinued. (2 *R. S. p.* 259, § 192, *p.* 262, § 208.) This appeal had not been dismissed or discontinued; and if it was legally made, the execution was unauthorized and affords no protection to the justice or the party.

A person who would appeal from a justice's judgment must make an affidavit upon which an allowance of such appeal is to be endorsed. These are to be served on the justice, and "*no appeal shall be valid or have any effect* unless," among other things, "the party intending to appeal shall serve the affidavit and allowance of appeal" on the justice. (2 *R. S.* 258, §§ 187 *to* 191.)

A paper purporting to be such affidavit was served, but, I think it cannot be regarded as an affidavit. It does not appear to have been sworn to. It has a jurat, but it is not subscribed by any one, and no proof was given on the trial that the affidavit had in fact been made by the appellant. This paper was not an affidavit: it lacked vitality. It was indispensable that it should appear to have been duly made and taken before a competent officer. (2 *R. S.* 284, § 49.)

The allowance of the appeal was well enough in form; but that could not dispense with the necessity of an affidavit. Both were necessary to make the appeal valid, or to give to it "*any effect*" whatever. Nothing which was done by the commissioner who allowed the appeal, or by the justice, could make the appeal legal without complying substantially with the requirements of the statute.

As the appeal was inoperative on the ground stated, there was nothing to prevent the issuing of an execution on the judgment; and the execution was a complete justification to the defendants. No cause of action was therefore shown on the trial; and the common pleas erred in refusing the motion for a nonsuit, and in instructing the jury that the plaintiff was entitled to recover.

Judgment reversed.