STATE by WM. B. IRISH, *Libellant, versus Intoxicating liquors and* THOMAS L. SMITH, *Claimant.*

In criminal cases, this Court, sitting *in banc,* has no jurisdiction of a motion to set aside a verdict as being against the weight of evidence.

Such motion must be decided by the Judge who presided at the trial at *Nisi Prius.*

The *jurat* to a complaint for search and seizure under c. 33 of the Public Laws of 1858, containing the name of only one of the witnesses, may be amended after service by inserting the names of the other witnesses which were inadvertently omitted.

In the trial of a libel against certain intoxicating liquors, the claimant requested the presiding Judge to instruct the jury that, if they should find the "item of ten barrels of rum are not rum, but a different article, the libel cannot be maintained for that item." The Judge instructed the jury to "confine their inquiries entirely to the liquors specified in the claim and mentioned in the libel; that, if liquors were seized and not libelled, the owner must seek his remedy in another suit; and that, if liquors were li-

belled and not claimed, the law will dispose of them;" — *Held*, that the claimant had no cause for complaint.

The refusal of a motion to quash a complaint is not a subject of exceptions.

ON EXCEPTIONS and MOTION to set aside the verdict as being against the evidence, and to quash proceedings under the complaint.

LIBEL filed under c. 33 of the Public Laws of 1858.

The facts sufficiently appear in the opinion.

*Putnam*, for the claimant.

The statute requires three witnesses to make the oath. The *jurat* shew but one. The complaint being thus defective, the warrant was illegally issued, and offered no justification for the seizure. And the seizure being illegal and void, all subsequent proceedings founded upon it are void also. The warrant should show on its face the jurisdiction of the magistrate who issued it. Under Acts of 1852 and 1853, search warrants held illegal, unless it appears in them that the testimony of three witnesses required was *taken in writing*, and an additional examination to the one upon which other warrants issued. *State* v. *Staples*, 37 Maine, 228 ; *State* v. *Spencer*, 38 Maine, 30.

The warrant in the case at bar, connected with the complaint, bore on its face the fullest evidence that the magistrate had no jurisdiction in the case. It was void for every purpose. *Guenther* v. *Day*, 6 Gray, 490.

When the seizure was made on this void process, the right of the claimant and of all parties became fixed. The wrong had been done and the remedy became vested. No subsequent alteration or amendment could give validity to a void act—an unjustifiable invasion of private right.

It could not in a mere question of property between individuals. *Porter* v. *Haskell*, 11 Maine, 177.

*A fortiori*—not to enforce a penalty. Strict compliance with the provisions of the statute is indispensable. This is familiar law.

In the case against Bradley, this same objection was sustained by the presiding Judge, and the proceedings quashed.

If the objection was valid there it is equally so here.

2. The 5th requested instruction should have been given.

Among the liquors seized were 10bbls. "*pure spirits,*" or "Cologne spirits." The claim filed covered *all* the liquors seized, consequently it covered this 10bbls. They were not however libelled as spirits. The libel describes 10bbls. *rum.* Rum and spirits are different articles, by the evidence.

Under the libel, the spirits could not be ordered forfeit and should have been restored. The question was whether they were rum or spirits, and this should have been found by the jury; but the ruling excluded it from their consideration. The reason given was erroneous. The claimant was entitled to a return, without being compelled to resort to another action. The libel was defective. It did not describe the liquors intended correctly, and should not have been sustained, so far as these 10bbls. are concerned. It was essential therefore to ascertain by the verdict of the jury whether the liquors were in fact "rum" or "spirits." Upon that depended whether they should be liable to forfeiture or restored to claimant; but the ruling excluded the finding either way altogether.

It is not a case where liquors are not libelled at all—and where, of course, they could not be claimed—for it is admitted no claim can be made where there is no libel. But it is a case of a *defective* libel—which fails because it is defective—and failing, the claimant is entitled to restoration.

The defect existing in the case was not amendable under § 32 of the Act, which gives the right only in "*matters of form.*" The defect was matter of *substance*—analogous to want of a seal. *Bailey* v. *Smith*, 12 Maine, 196; *Tibbets* v. *Shaw*, 19 Maine, 184; *Witherell* v. *Randall*, 30 Maine, 168.

These proceedings, it has been said, are criminal in their nature, and the strictness and precision required in criminal cases are required here.

*Geo. F. Shepley*, also for claimant.

Liquors can be libelled only when "so seized." Pub. Laws, of 1858, c. 33, § 15. The libel declares that he has by a warrant duly issued, &c. The Court could not issue the libel upon the fact that the oath had been taken, but it must be upon the record. It could not issue it upon what was in the Court's mind.

*J. A. Peters, Atty. General*, for the State.

TAPLEY, J. — This is a libel filed under the provisions of c. 33, Acts of 1858, commonly called the Liquor Law.

The proceedings originated in the Municipal Court for the city of Portland and comes to this Court by appeal.

The libel was filed the 23d day of August, 1865, and the claimant appeared the 7th day of September, 1865.

On the 12th of September, 1865, a hearing was had upon the claim, and judgment adverse to the claimant was rendered, from which he has appealed to this Court.

At the March term of this Court a trial was had before the jury, and a verdict rendered against the claimant.

The claimant now moves to set aside the verdict, and excepts to the ruling of the presiding Judge upon the sufficiency of the proceedings in the Court below, and his refusal to give, in the terms requested, the 5th requested instruction.

1. The motion to set aside the verdict and for a new trial is not properly addressed to this Court sitting as a Law Court. It should be addressed to, and heard and determined by the Judge sitting for the trial of jury causes. *State* v. *Hill*, 48 Maine, 241.

2. The refusal of the motion to quash is not a subject of exceptions. The granting or refusing such a motion is a discretionary act of the Court and forms no basis of exception.

3. From the report it appears that a complaint, under the provisions of the 14th sec. of the Act of 1858, c. 33, was made upon the 18th day of August, 1865, to the Judge

of the Municipal Court for the city of Portland by three persons competent to be witnesses in civil suits upon their several oaths, as required by the statute.

That, upon the same day, the Judge issued his warrant in due form of law, and that, upon the same day, it was served by search, and seizing a quantity of intoxicating liquors, and due return thereof made to said Court by Wm. B. Irish, a constable of the city of Portland.

That, upon the 23d day of August, 1865, William B. Irish, under the provisions of section 15 of said Act, libelled the liquors thus seized.

That, under the provisions of section 16, Thomas L. Smith, on the 7th day of September, 1865, appeared as a claimant and duly filed his claim. From the judgment upon the trial of this claim, the said Smith claimed his appeal. On the trial in this Court, the government introduced the original complaint and warrant. The claimant objected to the admission of these " on the ground that the alteration of the *jurat* avoided and annulled them, and also because, as the *jurat* was not completed when the warrant issued and the seizure was made, the seizure was illegal."

From the report it appears that the complainants were duly sworn to the complaint before the issuing of the warrant, but the magistrate's certificate of the fact was imperfectly made until after the seizure, when it was amended in accordance with the fact, in open Court.

The warrant was returned to the Court August 22, 1865, with the person of Bradley, against whom it was issued. By the record it appears to have been continued to the 29th of August, 1865. By the same record it appears that a motion was made on the 7th of September alleging the amendment to have been made between the 22d and 29th days of August. The particular time when it was made does not distinctly appear. The record recites that it was amended after service, while the Court was in regular session.

If made before the 29th and while the Court was in regu-

lar session, it must have been made upon the 22d, and the evidence, such as it is, leads us to that conclusion.

1. Did the amendment of the magistrate's certificate in anywise affect the proceedings?

The amendment of the certificate consisted in the insertion of two names inadvertently omitted when it was made.

As a general rule, criminal processes cannot be amended except by consent of the party against whom it is issued. This is a rule existing from necessity; all criminal proceedings being required to be presented under the oath of the party presenting it.

If a complaint duly sworn to should be changed after it was issued, it would no longer be the complaint of the party verified by his oath.

If an indictment should be changed by amendment after it is returned to and filed in Court, it is no longer the presentment of the grand jury duly sworn; hence the rule applicable to criminal cases. This rule applies only to such matters as are required to be stated under the oath of the party making the complaint or presentment;—as to all other matters, they are subject to such rules of practice as long experience has shown are calculated to promote justice.

If an officer, having made return of the prisoner into Court, should discover during the progress of the trial that he had incorrectly written the year or month in which he had arrested the party, there can be no doubt the Court could allow him to amend his return in conformity with the truth and fact. It is no part of the allegation against the prisoner. No part of the charge. If he had erroneously stated the name of the magistrate, or trial justice, before whom he returned the prisoner, it cannot be doubted he could be allowed to amend it conformably with the truth. If he had omitted the name of the magistrate or Court before whom he had returned the prisoner, it is equally clear he might amend by inserting; because there is not only no rule, but no reason forbidding it. Citations of authorities upon such points are unnecessary, the propositions are so

manifestly just. All these amendments might be necessary in order that the record should *disclose* the jurisdiction of the Court, but not to give it jurisdiction. They confer no rights or power. These are obtained by other means, and precedent acts. It is only a mode of evidencing what already exists. The jurisdiction, the right to proceed, is as perfect and extensive without, as with the amendments.

So we find the case at bar. Everything which was necessary to give the Court jurisdiction had been done. The complaint of three persons, competent to be witnesses in civil cases, had been made under oath, to a magistrate duly authorized to receive and act upon it. In preparing the evidence of it, he inadvertently omitted the names of two of them, and before the trial he corrected the matter by inserting them. To this there can be no objection in this case. The Court had jurisdiction of the subject matter, and was authorized to issue the warrant without it. It was necessary that the oath should be adminstered to all before the warrant was issued, but it was not necessary to make the certificate of that fact before it was issued. The authority to issue such warrants is conferred by the statute, and it nowhere requires the oath shall be certified before the warrant is issued. It is undoubtedly the proper evidence of the existence of the facts it recites. Had it never been made, and the officer sued in an action of trespass, he might have failed in his justification for the want of proper proof of the authority of the magistrate to issue the warrant. That question does not here arise. Before the officer is called upon to justify, the evidence is properly furnished, by a legitimate amendment of the certificate.

2. The amendment was one of form and not of substance. It was not even a *formal allegation;* it was merely amending a certificate of the existence of a fact.

No one, we think, will doubt the certificate could have been amended after the warrant was issued and *before service.* If so, it was a process legally amendable, and if it

needed legislative sanction to amend *after service*, it may be found in § 32 of the Act of 1858, which authorizes it to be made " at any time before final judgment."

The claimant requested the Court to instruct the jury that, if they should find " the item of ten barrels of rum are not rum, but a different article, the libel cannot be maintained for that item."

The Court, upon this point, instructed the jury to confine their inquiries entirely to the liquors which are specified in the claimant's claim and also mentioned in the libel. That, if liquors were seized and not libelled, the owner must seek his remedy in another suit, and if liquors were libelled and not claimed in this claim the law will provide for their disposition.

We see no cause of complaint here for the claimant.

What was libelled was a question for the Court and not for the jury. It must be determined by the libel. It was "ten barrels containing about forty gallons each" that was libelled. If the officer has not those liquors to respond to the decree when made *he* must be held answerable for them. If he has another and different kind of liquor instead of it, it is apparent they have not been libelled and, of course, no decree can be made concerning them.

There is nothing subject to decree except that which is *described* in the libel, and everything which is *described* is subject to it. Whether the officer has in his possession liquors not described was not a material inquiry.

The inquiries were confined exclusively to those which were described.

The true proposition is this, if the ten barrels seized did not contain rum they are not libelled; if they did, they are.

The jury being required to confine their inquiries to the matters described in the libel, could only (as to this item) act upon ten barrels containing rum, and the decree of for-

feiture or return can only be for ten barrels containing rum. It will apply to nothing else.

*Motion and exceptions overruled, and*
*Judgment on the verdict.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.