## HUBBARD KNAPP VS. MOSES DUCLO.

An affidavit is an oath in writing, sworn before and *attested* by one who has authority to administer the same. Hence, if the jurat is not signed, that which purports to be an affidavit is a mere nullity.

An appeal from a Justice's Court, made upon an affidavit which is general, relating only to the judgment on the merits, brings up only the questions of *fact* involved in the controversy.

On an appeal, objection cannot be taken, to process, pleadings, or other proceedings before the Justice, unless such objection was raised before the Justice, and his decision was rendered thereon.

If no motion is made in the Justice's Court in relation to the alleged defective process, pleadings, or proceedings, *certiorari* is the only remedy by which a party can, in the Circuit Court, avail himself of the objection.

*Kalamazoo Circuit, May,* 1870,

*Dwight May*, for Plaintiff.

*J. W. Breese*, for Defendant.

The facts sufficiently appear in the opinion of the Court.

*By the Court*, BROWN, J.—This was an action of replevin, and comes into this Court on an appeal from Justice's Court. The cause was tried on the merits, without a jury.

In his final argument, defendant's counsel called attention to the fact that the jurat to the affidavit, upon which the writ was issued, was not signed, and therefore insisted that the Justice had no jurisdiction, and that the jurisdiction of this Court must be determined by that test.

The Justice had no right to issue the writ without an affidavit was first filed as required by § 3695, *C. L.*

An affidavit is an oath in writing, sworn before and attested by him who hath authority to minister the same.—*Bac. Abr.*, 124. This paper has a jurat, but it is not subscribed, nor does it show on its face who administered the oath, if any was administered. It lacks vitality (1 *Denio* 429), and if it was properly before the Court, I should have no hesitation in holding it to be a nullity.

By § 3836 *C. L.*, it is provided in relation to the affidavit for appeals from Justice's Courts, that " in case there shall be any objections to the process, pleadings, or other proceedings, and to the *decision of the justice thereon*, which would

not be allowed on the trial of the appeal, the same may be set forth specifically in the affidavit."

. A general affidavit for an appeal brings up only the ques·tions of fact involved in the controversy.— *Chappee vs. Thomas,* 5 *Mich*, 53. If questions are to be raised on appeal, touching the validity of process, pleadings or other proceedings before the Justice, the objections must first be made before the Justice, and he must render a *decision thereon,* and such *decision* must be alleged as error in the affidavit for appeal. If no motion is made in the court below in relation to the alleged defective process, pleading or proceeding, *certiorari* is the only remedy by which a party can, in this Court, avail himself of the objection.

The jurisdiction of this Court is not dependent upon the jurisdiction of the Justice. The appellant has, by his general affidavit, and by the return of the Justice, which he has caused to be made, conferred jurisdiction upon this Court—jurisdiction to try the issue as *presented by the pleadings.* No other issue can be heard. This Court is to try that which is appealed. The appeal is from the decision of the Justice on the facts relative to the alleged unlawful detention of the property in controversy. The appellant, in contemplation of law, says: "I am dissatisfied with the judgment of the Justice, on the facts in this case, and I ask the Circuit Court to review the facts and pass judgment thereon."

. No appeal could be taken from that which never existed or transpired. As a basis for an appeal there must have been a determination. Hence, only such matters can be heard on appeal as have been determined by the tribunal from which the appeal was taken. Courts determine facts and questions of law. When facts are passed upon, the finding may be appealed from; when not passed upon there is nothing to appeal. When certain questions of law have been passed upon by the Justice, the statute provides for and directs how an appeal may be taken. If not passed upon there is nothing to appeal from, and *certiorai* is the only way in which questions touching the jurisdiction of the Justice, and which are not presented and passed upon in that court, can be brought up. The Court will take cognizance of the fact that the case is one of which the

Justice had jurisdiction, had the "process, pleadings and other proceedings" before him been regular; and as to whether they were regular, as already intimated by the Court, cannot be considered.

My brother Upson, of the fifteenth Circuit, has recently decided a case—*Stryker vs. Hicox*, 1 *Mich.*, *Nius Prius*, 185, involving some of the same questions we are now considering; and I fully concur with him in the conclusions arrived at: