THE STATE, BRYAN DUNN, PROSECUTOR, v. CITY OF· PERTH AMBOY.

On complaint under oath of the violation of an ordinance of Perth Amboy, the *jurat* was not signed by the police magistrate until the return day of the summons, when objection was made. *Held,* right; the· charter does not require the oath and attestation to be made in writing, prior to arrest.

On *certiorari.*

Argued at February Term, 1889, before Justices SCUDDER and REED.

For the prosecutor, *Thos. J. Cloke.*

For the defendant, *J. W. Beekman.*

The opinion of the court was delivered by

SCUDDER, J. The prosecutor was arrested by warrant issued on complaint that he had violated "An ordinance relating to inns and taverns, restaurants and beer saloons, and the sale of spirituous, intoxicating and malt liquors in the city of Perth Amboy," approved July 3d, 1878, and the supplement thereto, approved August 1st, 1882. He was convicted and sentenced to pay the prescribed penalty of $20 and costs.

The only reason assigned for the reversal of this judgment is, that the *jurat* to the complaint was not signed by the recorder until the return day of the summons, when the case was heard. The complaint was made in writing, signed by the person making the complaint, and oath taken in due form before the recorder; but by inadvertence he did not sign the *jurat* at that time. On the return of the summons which was issued on the complaint made, the defendant appeared, and objected that the *jurat* was not signed ; the recorder refused to quash the summons for that cause; immediately amended it by signing his name, proceeded to try the cause, and the defendant was convicted on the testimony of witnesses sworn. The charter of the city of Perth Amboy (*Pamph. L.* 1870, *p.* 1130, § 11), says : " That the recorder shall have jurisdiction and is empowered, on oath, affirmation or affidavit, made according to law, that any person or persons has or have been guilty of a violation of any of the ordinances of said city, to issue a process in the nature of a summons or warrant," &c.

There was an oath taken before the recorder assumed jurisdiction and issued the summons ; as it was not required to be in writing, or attested in any form, there was a compliance with the statute. It may be admitted that this was not an affidavit in due form, for an affidavit, when offered to be read in evidence, must appear on the face of it to be what an affidavit ought to be, to entitle it to be read. It must appear to have been taken before the proper officer, and in compliance with all legal requirements. *State* v. *Green*, 3 *Gr.* 468 ; *Ladner* v. *Groom*, 1 *Denio* 429 ; *Bouv. L. D.*, "*Affidavit*."

But of an affidavit to an injunction bill, it was said, that "the affidavit was drawn out at the foot of the bill in the usual way, and signed by the complainant, but the *jurat* was not signed by the master. Such an omission should not vitiate the injunction, if the bill was actually sworn to, as was the fact."

But this charter does not require an affidavit in due form and properly certified; an oath is sufficient, and when an oath not required to be in writing is written, the omission of the officer's attestation or *jurat* does not invalidate it. *Pottsville* v. *Curry*, 32 *Penna. St.* 443. In *State* v. *Smith*, 54 *Me.* 33, the *jurat* to a complaint for search and seizure under a public law, containing the name of only one of the witnesses, was amended after seizure by inserting the names of the other witnesses, which were inadvertently omitted. The court said : "It was necessary that the oath should be administered to all before the warrant was issued, but it was not necessary to make the certificate of that fact before it was issued. The authority to issue such warrants is conferred by the statute, and it nowhere requires that the oath should be certified before the warrant is issued." I think it was competent for the recorder at any time, when his attention was called to the omission to sign his name to the *jurat*, while the action was pending before him, to amend it by affixing his signature, if the oath was in fact taken before him at the time it purports to have been taken.

The judgment will be affirmed.