EVERETT C. CARLSON
*vs.*
STATE OF MAINE

Knox.   Opinion, January 12, 1962.

*Christopher S. Roberts,* for plaintiff.

*Peter S. Sulides,* for state.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   On exceptions.   The plaintiff in error seeks review of an order below dismissing his writ of error.   In

addition to his bill of exceptions seasonably filed and allowed, he has lodged an appeal and has indicated uncertainty as to whether the method of review is affected by the adoption of the Maine Rules of Civil Procedure. R. S., Chap. 129, Secs. 1 to 10 inclusive, which provided for the use of writ of error in civil cases, were repealed by P. L., 1959, Chap. 317, Sec. 280. R. S., Chap. 129, Secs. 11 and 12, providing for writ of error in criminal cases, remain in full force and effect. Appellate review thereof is by way of exceptions. The appeal filed in this case was unnecessary and will be dismissed as improvidently taken.

The sole issue here is whether or not the criminal complaint upon which the plaintiff in error was convicted and sentenced charged him with any specific crime. The pertinent portion thereof set forth that "on the 16th day of April, A. D., 1961 at Rockland in the County of Knox aforesaid (the plaintiff in error) did operate a motor vehicle, to wit, an automobile, on a public highway, to wit, Main St., No. Main St., Maverick St., Lake View Dr., recklessly, to wit, at great excessive speed on said streets; failure to stop at stop signs at No. Main and Birch Streets, also No. Main and Maverick Streets.

The plaintiff in error contends that the State has thereby alleged multiple offenses and that therefore the complaint is a nullity.

In *State* v. *Houde*, 150 Me. 469, we held that a charge of operation "in a reckless manner" without more would not suffice; that the respondent was entitled to know from the complaint itself "the facts from which the State will seek to prove the ultimate fact of 'reckless driving.'" However inartistic the draftsmanship in this instance, we are satisfied that the complaint before us satisfies the requirements of *Houde*. The complaint informed the respondent that he must be prepared to defend against an accusation that he

drove on certain designated streets at a "great excessive speed" recklessly and that he drove through two stop signs at identified locations recklessly. The complaint therefore, as required by *Houde*, charges one single episode of reckless driving, an offense prohibited by law, and at the same time adequately informs the respondent of the factual nature of the charge and gives sufficient detail to insure to the respondent future protection against double jeopardy. The writ of error was properly dismissed.

*Exceptions overruled.*
*Appeal dismissed.*