STATE OF MAINE
*vs.*
EDWIN L. CHILD

Oxford.   Opinion, July 5, 1962.

*David R. Hastings II, County Attorney,* for the State.

*William E. McCarthy,* for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J.   On exceptions.   The respondent was indicted for the crime of operating a motor vehicle on a public highway in the Town of Rumford, Maine, at a careless and imprudent rate of speed greater than was reasonable and proper, not having due regard to the traffic on said way and other conditions then and there existing.   The indictment charges a crime within the degree of a misdemeanor. Before commencement of trial the State moved to amend the indictment, said motion and amendment being in the following language:

"Now comes David R. Hastings, County Attorney for the County of Oxford and moves that the indictment against Edwin L. Child, Docket #299, be amended by inserting the following words and punctuation in the eleventh line of the body of said indictment, after the words "a grossly excessive rate of speed", to wit: ", (sic) to wit, forty miles per hour,"."

The presiding justice granted the motion to amend over the objection of the respondent.   At the conclusion of all the evidence, respondent moved that the indictment be quashed.   This motion was denied by the court.   The respondent also filed a motion for a directed verdict of not guilty.   This motion was denied.   The respondent is before this court on exceptions (1) to the allowance of the amendment; (2) denial of motion to quash; and (3) denial of motion for a directed verdict of not guilty.

### EXCEPTIONS TO THE ALLOWANCE OF MOTION TO AMEND THE INDICTMENT

The respondent was indicted under the provisions of Chap. 22, Sec. 113 (I) of R. S., 1954, as amended.   This section reads as follows:

"1. Any person driving a vehicle on a way shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing."

The indictment is couched in the following language:

"OXFORD, ss

At the Superior Court, begun and holden at Paris, within and for the County of Oxford, on the second Tuesday of May in the year of our Lord one thousand nine hundred and sixty-one

"THE GRAND JURORS FOR SAID STATE upon their oath present that Edwin L. Child of Peru, in the County of Oxford and State of Maine, on the fifteenth day of April in the year of our Lord one thousand nine hundred and sixty-one, at Rumford, in said County of Oxford, did then and there operate a certain motor vehicle, to wit, an automobile, on a certain public way in said Rumford, to wit, Congress Street, so-called, at a careless and imprudent rate of speed greater than was reasonable and proper having due regard to the traffic then on said way and other conditions then existing, in that said Edwin L. Child then and there did operate said motor vehicle at a grossly excessive rate of speed and did race with another automobile travelling along on said Congress Street at a time in said day when pedestrian and vehicular traffic were very heavy and congested.

"against the peace of said State, and contrary to the form of the statute in such case made and provided.

A True Bill

*George L. Sanborn*, Foreman

"*David R. Hastings* Attorney for the State for said County."

The amendment added the words to the indictment, "to wit, forty (40) miles per hour" so that the amended portion of the indictment reads:

> "in that said Edwin L. Child then and there did operate said motor vehicle at a grossly excessive rate of speed, *to wit, forty (40) miles per hour.*" (Emphasis supplied.)

Counsel for the respondent contends that the justice below was in error in allowing the amendment to the indictment as it is only for the Grand Jury to amend, and the court was without right or authority to amend upon motion of the County Attorney. The State, on the other hand, argues that the amendment of the indictment was proper as the presiding justice was authorized to allow the amendment under the provisions of Sec. 14 of Chap. 145, R. S., 1954. The pertinent portion of this section reads:

> "--- any criminal process may be amended, in matters of form, at any time before final judgment. Any complaint, indictment or other criminal process for any offense, except for a felony, may be amended in matters of substance, provided the nature of the charge is not thereby changed."

Under common law, indictments could not be amended. Where it appeared that an indictment was insufficient, it was the practice to reconvene the Grand Jury that found the indictment for the purpose of amending it. It could be done in no other way. In the case of *Ex parte Bain,* 121 U. S. 1 (1887) the Supreme Court held to the common law procedure in determining that the trial court had no right or authority to amend an indictment. The indictment in the *Bain* case, charging a felony, was amended, not by adding but by striking some words from it, the words being descriptive of a person alleged to have been deceived. The court said, at page 13:

> "It only remains to consider whether this change in the indictment deprived the court of the power

of proceeding to try the petitioner and sentence him to the imprisonment provided for in the statute. We have no difficulty in holding that the indictment on which he was tried was no indictment of a grand jury. The decisions which we have already referred to, as well as sound principle, require us to hold that after the indictment was changed it was no longer the indictment of the grand jury who presented it. Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists."

This court in 1866, in the case of *State* v. *Smith*, 54 Me. 33, at 38, said:

"If an indictment should be changed by amendment after it is returned to and filed in Court, it is no longer the presentment of the grand jury duly sworn; hence the rule applicable to criminal cases. This rule applies only to such matters as are required to be stated under the oath of the party making the complaint or presentment; — as to all other matters, they are subject to such rules of practice as long experience has shown are calculated to promote justice."

Legislation has been passed in this State abrogating the common law rule to the extent that an indictment alleging a felony can be amended as to matters of form only, but if the offense charged is not a felony the indictment is subject to amendment as to matters of substance, as well as form, provided the nature of the charge is not changed

thereby (Chap. 145, Sec. 14, R. S., 1954). Many jurisdictions have similar statutes. It is to be noted that there is no statutory power authorizing the court to amend an indictment charging a felony insofar as the substance of the charge is concerned.

> "It is the general rule under statutes authorizing the amendments of indictments that the defense of the accused must not be prejudiced by the amendment, and that the constitutional provisions concerning the Grand Jury must be considered in determining the propriety of any given amendment." 27 Am. Jur. — Indictments and Information, Sec. 116.

In the case of *State* v. *Mottram*, 155 Me. 394, cited by the State in support of the allowance of the amendment, the presiding justice properly allowed an amendment of a count in the indictment alleging a previous conviction. The indictment consisted of two counts. The first count charged the offense and the second alleged a former conviction. The amendment affected the count alleging a former conviction by changing the date of a prior conviction from the 15th day of June, 1952 to the 17th day of June, 1952. The offense charged was a felony. The count averring the offense was not amended. The count amended had nothing to do with the allegation of the crime but only to the imposition of penalty. The amendment was to form and not substance. The *Mottram* case is distinguishable from the case at bar as the *Mottram* case treats of an amendment to a count not charging an offense, and the amendment was made before trial and with the consent of the respondent.

Chap. 145, Sec. 14 allows amendments of indictments charging felonies as to form only. This procedure does not change or alter the offense as found and returned by the Grand Jury. The respondent suffers no prejudice by such an amendment. The statute authorizes amendments, both as to form and substance, to indictments charging a mis-

demeanor when the nature of the charge is not changed thereby. In the instant case the Grand Jury returned an indictment purporting to charge the respondent with a misdemeanor as defined by Chap. 22, Sec. 113 (I) of R. S., 1954, as amended. The amendment was presented by the County Attorney and allowed by the presiding justice.

In the instant case the statute alleged to have been violated is one regulating the speed of motor vehicles. The operator, in this instance, was required to drive his motor vehicle "at a careful and prudent speed not greater than is reasonable and proper." In determining the reasonableness of the speed it must be considered in light of "the traffic, surface and width of the highway, and of any other conditions then existing." A person indicted under this section is charged with violating a speed regulation, not the violation of a speed determined by an arbitrary figure of miles per hour but rather by the circumstances and conditions obtaining at the time of operation. Under some traffic conditions 20 miles per hour would be an imprudent rate of speed and greater than reasonable and proper, while under other circumstances 70 miles per hour would not be unreasonable or improper.

The respondent is clothed with the constitutional right to be informed of the nature and cause of the accusation and to have the commission of the offense fully, plainly and substantially set forth. The indictment charged the respondent with operating a motor vehicle (1) "on a certain public way in said Rumford, to wit, Congress Street, so-called." (2) "at a careless and imprudent rate of speed greater than was reasonable and proper having due regard to the traffic then on said way and other conditions then existing." The indictment describes the manner in which the respondent was driving the automobile by informing him that he was then and there operating the motor vehicle "at a grossly excessive rate of speed and did race with another automo-

bile traveling along said Congress Street at a time in said day when pedestrian and vehicular traffic were very heavy and congested." The prosecutor obviously felt that there was need to amend the indictment by defining the allegation of "at a grossly excessive rate of speed" by the addition of "to wit, 40 miles per hour." It is important to note that the indictment did explain why the State contended the respondent was careless and imprudent in the operation of the motor vehicle when it set out that he "did race with another automobile traveling along on said Congress Street at a time in said day when pedestrian and vehicular traffic were very heavy and congested." This allegation connotes speed. To a reasonable mind speed is associated with an automobile race. Without the amendment of 40 miles per hour, the respondent was adequately informed with what he had to meet in defense.

If a crime is charged in the words of the statute, the indictment is good unless the statutory language is not sufficient to apprise the respondent fully, plainly and substantially with the commission of the offense. The respondent has the right to know, not only of the crime with which he is charged, but also the manner in which he is alleged to have committed the offense. It is not that the prosecutor has to plead to a mathematical certainty but only to that degree of particularity whereby a respondent can determine what he is charged with in order to prepare his defense and use a conviction as a plea of former jeopardy should the occasion arise. The offense of reckless driving does not lie in the act of operating a motor vehicle but in the manner and circumstances of the operation. *State* v. *Houde*, 150 Me. 469. If a statute does not sufficiently set out the facts constituting the crime so that a person of common understanding may have sufficient notice of the nature of the charge, then a more definite statement of the facts than is contained in the statute is necessary. *State* v. *Strout*, 132 Me. 134.

"A crime is charged. The words of the statute are used in charging the crime, but the plaintiff in error says the words in the statute do not describe the crime with certainty. At the most, the charge is not made with the certainty to which the plaintiff in error is entitled. He could have taken advantage of this by demurring, or he could have waived it by going to trial. He chose the latter course, so we are not called upon to decide this as if we were doing so upon a demurrer." *Briggs, Plaintiff in Error* v. *State of Maine*, 152, Me. 180, at 182.

The pleading in the instant case is much like that in *Carlson* v. *State of Maine*, 158 Me. 15. In the *Carlson* case the respondent was charged with reckless driving. The complaint said, in part: "did operate a motor vehicle - - - recklessly, to wit, *at great excessive speed* on said streets; failure to stop at stop signs at No. Main and Birch Streets, also No. Main and Maverick Streets." (Emphasis supplied.) This court said, on page 16:

"The complaint informed the respondent that he must be prepared to defend against an accusation that he drove on certain designated streets at a 'great excessive speed' recklessly and that he drove through two stop signs at identified locations recklessly. The complaint therefore, as required by Houde, charges one single episode of reckless driving, an offense prohibited by law, and at the same time adequately informs the respondent of the factual nature of the charge and gives sufficient detail to insure to the respondent future protection against double jeopardy."

The pleadings in the *Carlson* case bear similarity to those in the case at bar wherein the *Carlson* case describes the operation of the car recklessly when it charges the car was driven at *great excessive speed* on various streets and alleges failure to stop at stop signs. Respondent Child is charged with driving an automobile at a careless and im-

prudent rate of speed greater than was reasonable and proper in that he did operate the car at a *grossly excessive rate of speed* and did race with another automobile traveling along on said Congress Street at a time of said day when pedestrian and vehicular traffic were very heavy and congested.

*State* v. *Randall,* 182 P. 575 (Wash.) treats of a statute similar to the one under consideration. It reads:

> " 'No person driving or operating any motor vehicle shall drive or operate the same in any other than a careful and prudent manner, nor at any greater speed than is reasonable or proper, having due regard to the traffic and use of the way by others, or so as to endanger the life and limb of any person.' "

A demurrer was filed upon the sole ground that the complaint did not state facts sufficient to charge a crime. The complaint substantially follows the language of the statute. The decision in this case holds to the well established rule that it is sufficient to charge a crime in the language of the statute if the language used is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation. The court said, at page 576:

> "But to charge the accused with driving an automobile at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the way by others, falls within the rule of those cases which hold that a complaint or information in the language of the statute is sufficient."

The amendment of which the respondent complains was descriptive of the phrase "grossly excessive rate of speed." The amendment added nothing to the sufficiency of the indictment as the words it sought to clarify, namely, "grossly excessive rate of speed" are plain, understandable and are sufficient in and of themselves to describe the manner of

operation and to adequately inform the respondent as to what the State charged as to operation. This is particularly true when read in light of the further allegation that he "did race with another automobile traveling along on said Congress Street at a time in said day when pedestrian and vehicular traffic were very heavy and congested."

In our view of the case the amendment neither added to nor detracted from the sufficiency of the indictment. It was merely surplusage. The respondent suffered no prejudice by its inclusion in the indictment.

The exception is overruled.

The respondent took exception to the refusal of the presiding justice to grant a motion to quash. The motion was presented after plea at the conclusion of the evidence. The motion was made too late. This fact alone is sufficient to cause the respondent's exception to be overruled. *State* v. *Haapanen*, 129 Me. 28. *State* v. *Burlingham*, 15 Me. 104.

A motion for a directed verdict of not guilty was made by the respondent after the completion of all the evidence. This motion was denied. A review of the record satisfies us that there was sufficient evidence to justify the jury in its verdict of guilty. There was no error in the refusal to direct a verdict of not guilty. *State* v. *Gustin*, 123 Me. 307. *State* v. *Harvey*, 124 Me. 226.

*Exceptions overruled.*
*Judgment for the State.*