Bruce C. WEEKS

v.

STATE of Maine and Allan L. Robbins, Warden.

Supreme Judicial Court of Maine.

March 7, 1969.

**828**

Robert Oakes, Portland, for petitioner.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for respondents.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. Petitioner sought post-conviction relief under the provisions of 14 M.R.S.A. § 5502 et seq., indigency was established and counsel was appointed by the Court. Upon hearing before a single Justice, relief was denied, followed by appeal.

The petitioner while on parole from a sentence to the Reformatory for Men (now Men's Correctional Center) was charged by indictment that he "being then and there armed with a dangerous weapon, to-wit; a gun then and there loaded with powder and leaden bullets, did feloniously assault one Edward L. Pennell with intent him the said Edward L. Pennell then and there feloniously, willfully and of his malice aforethought, to kill and murder," which indictment has been characterized throughout the proceeding as charging an assault with intent to kill.

Upon appearance before the trial court, the appellant was represented by privately employed counsel of wide experience in criminal practice, and from lengthy colloquy, the following portions are abstracted from the record:

"The Court: Is it the Court's understanding that the State now moves to dismiss that part of the indictment which charges in excess of assault and battery?

"Mr. Wahl (County Attorney): That is correct your Honor.

"The Court: Any objection to the motion?

"Mr. Tevanian: No objection.

"The Court: That motion is granted. * * *."

A notation by the presiding Justice on the jacket of the case appears in the same terms.

"Q. (By the Court) You are now charged, the indictment says that you were armed with a dangerous weapon—a loaded gun—and did feloniously assault one Edward L. Pennell, what say you to this indictment, are you guilty or not guilty?

"A. Guilty."

Whereupon the Court stated that before he could accept the plea of guilty, he would have to "personally ask the defendant a few questions" and thereupon satisfied himself that the respondent had had opportunity to consult counsel; that he understood the offense, "felonious assault," to which he had just pleaded guilty; that he had been informed of the maximum sentence; that he was aware that pleading to "assault with dangerous weapon would be sufficient for the Court to make its own finding that the assault was of a high and aggravated nature"; that the gun in the respondent's possession was loaded; that the weapon was discharged and that both the victim and the respondent were wounded; although the accused alleged no recollection of using the weapon. The Court then, without interposition by counsel, accepted the plea of guilty.

The respondent was charged with and entered a plea of guilty to felonious assault, but by inadvertence the judgment of the Court and the order of commitment, under present practice combined in one document, recite that the defendant was convicted "of Assault & Battery of a high and aggravated nature as charged by Indictment." A sentence of not less than two years and not more than four years was imposed.

Upon commitment to the State Prison, the application of the statute (34 M.R.S.A. §§ 1675, 1676), which requires that a parolee who commits an offense while on parole, and who is sentenced to the State Prison, shall complete the execution of the prior sentence, unless it be terminated by the Parole Board, before undertaking the execution of the current sentence, raised an issue as to the date his current sentence should have begun.

Appellant comes here on the following points of appeal:

"1. The Justice was in error in finding that the indictment was sufficient.

"2. The Justice was in error in the application of Rule 48 Maine Rules of Criminal Procedure.

"3. The Justice was in error in finding that petitioner has a full understanding of the charge to which he was pleading and of the sentence to be imposed thereon.

"4. The Justice was in error in finding that petitioner's plea was to an existent offence and therefore legally entered.

"5. The Justice was in error in finding that petitioner was afforded proper constitutional safeguards against self-incrimination.

"6. The Justice was in error in finding that petitioner began serving sentence as soon as possible.

"7. The Justice was in error in finding that petitioner has adequate advice of counsel."

■ Appellant's points 1, 3, 5 and 7 are without merit. The record amply supports the findings of the single Justice as to points 3 and 7, his determination upon ap-

pellant's assent that the assault was aggravated, involved no incrimination of the appellant, that having come about by his plea, see Rell v. State, 136 Me. 322, 9 A.2d 129, 125 A.L.R. 602; State v. McKrackern, 141 Me. 194, 41 A.2d 817; State v. Bey, 161 Me. 23, 26, 206 A.2d 413; and the form of the indictment has been held sufficient in Lemay v. State, Me., 244 A.2d 556. There is no claim of prejudice by reason of the mis-citation of the statute in the caption of the indictment. See Rule 7(c) M.R.Crim.Proc.

■ Appellant challenges the procedure wherein the State was permitted to "dismiss" that part of the indictment which charges in excess of "assault and battery." Prior to the adoption of our Rules of Criminal Procedure such practice was recognized as being valid and appropriately realistic in the administration of the criminal law. See State v. Kopelow, 126 Me. 384, 138 A. 625; State v. Smith 67 Me. 328. Appellant urges that with the adoption of Rule 48 M.R.Crim.Proc.,[1] the State is permitted to dismiss an indictment, but not a portion of it, and that such dismissal of a portion is an invalid amendment of the indictment. See State v. Child, 158 Me. 242, 245, 182 A.2d 675, 17 A.L.R.3d 1275. The indictment was not amended to charge assault and battery. The practice, long recognized, of the State's election not to prosecute certain portions of a charging instrument, is to the advantage both of the accused and the accomplishment of justice. The rule requirement that a motion by the State to dismiss an indictment must be in writing "setting forth the reasons" therefor is founded in sound policy considerations whereby it, will be recorded why an indictment is not prosecuted. While this requirement does not extend in terms to a motion for reduction of the offense charged, the policy considerations remain

---

1. "(a) *By Attorney for the State.* The attorney for the state may with written leave of the court file a written dismissal of an indictment, information or complaint setting forth the reasons for the dismissal and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

the same. The recorded colloquy among the Presiding Justice, defense counsel and the accused, and the endorsement by the Justice on the jacket of the case recording the motion and its allowance satisfied the policy and the direction of the rule. There was no invalid amendment to this indictment. The inadvertent entry of a judgment of conviction for assault and battery, when in fact the plea was to felonious assault is not to be equated with an amendment to the indictment. Appellant takes nothing by point of appeal # 2.

■ Appellant now contends that the recording of a judgment of conviction for assault and battery reflects a conviction for an offense not charged in the indictment and therefore erroneously entered and erroneous sentence imposed thereon. With this we agree. There was no battery charged in the indictment. Assault and battery is not a lesser offense included within the charge of assault with intent to ·kill, State v. Henry, 98 Me. 561, 564, 57 A. 891, and this indictment, as it remained following the entry of nolle prosequi of that portion charging intent to kill, charged only felonious assault,—to which respondent entered a plea of guilty.

■ Under old practice this would have presented a classic situation for a motion in arrest of judgment where, by the record, the verdict did not respond to the charge. See State v. Hume, 145 Me. 5, 6, 70 A.2d 543. The judgment here recorded is not responsive to the charge and is error.

Point of appeal 6 raises what has been a recurring question, in cases where a parolee is convicted of an offense, at the time of such current conviction has not fully executed his subsisting sentence, and is committed on the current sentence prior to the revocation of his parole. Here appellant was committed to execute the sentence imposed for the felonious assault on

September 23, 1966, subsequent to which (October 5, 1966), the Parole Board revoked his parole and remanded him to confinement in the State Prison and fixed his "minimum parole eligibility hearing date to be September 22, 1967." The record gives us neither the period of time which appellant "owed" the State on the date his violation warrant issued nor the amount of "good time," if any, which he earned after his return to. the prison on September 23, 1966, but it was stipulated that he was discharged from the first sentence on June 22, 1967. The record discloses no error in this date. The issue is whether appellant began execution of his felonious assault sentence on September 23, 1966 or June 22, 1967.

■ This issue is resolved by Hartley v. State of Maine, filed January 17, 1969, Me., 249 A.2d 38, in which 34 M.R.S.A. § 1676 [2] is interpreted. The failure of the Parole Board to execute its violator's warrant and revoke the parole before appellant's commitment on the felonious assault sentence did not terminate the first sentence. Execution of appellant's sentence imposed for the felonious assault began June 22, 1967 at the completed execution of the sentence upon which he was paroled. Appellant has established no aggrievement under his point of appeal 6.

Appellant prevails on point of appeal 4 and under the provisions of 14 M.R.S.A. § 5505, the case is remanded to the Superior Court for correction of the judgment to one of guilt of felonious assault, and resentence.

Appeal denied as to Points 1, 2, 3, 5, 6, and 7. Appeal sustained as to Point 4. Remanded to the Superior Court for appropriate action.

TAPLEY, J., did not sit.

---

2. "§ 1676. * * * Any parolee who commits an offense while on parole who is sentenced to the State Prison shall serve the 2nd sentence beginning on the date of termination of the first sentence, unless the first sentence is otherwise terminated by the board."