**STATE of Maine**

**v.**

**Russell D. SCOTT.**

Supreme Judicial Court of Maine.

March 21, 1974.

**4**

John O. Rogers, Asst. Atty. Gen., Cecil H. Burleigh, County Atty., Houlton, for plaintiff.

Stephen A. Canders, Presque Isle, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and WEBBER, JJ.

DUFRESNE, Chief Justice.

The instant case is before the Law Court on report which seeks a determination of the constitutionality of 29 M.R.S.A. § 1252 (1). The statute reads as follows:

> "Any person driving a vehicle on a way or in any other place shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the way or place, and of any other conditions then existing."

The procedural requirements for this interlocutory appeal under M.R.Crim.P., Rule 37A were complied with and the record reveals that the underlying basis of the defendant's grievance is the denial by a Justice of the Superior Court of Mr. Scott's motion to dismiss a pending criminal complaint, reading in pertinent part as follows:

> "That on or about the 26th day of May, 1972, in the Town of Washburn, County of Aroostook, and State of Maine, the above named defendant, Russell D. Scott, did then and there operate a certain motor vehicle, to wit, a motorcycle, on a certain public way in said Washburn, to wit, Route #164 there situate, at a careless and imprudent rate of speed greater than was reasonable and proper having due regard to the traffic then on said way and other conditions then existing in that said Russell D. Scott did then and there operate said motor vehicle at an excessive rate of speed while dodging in and out of traffic."

Despite the fact that the parties have postured their arguments and briefs on the sole issue of the constitutionality, vel non, of 29 M.R.S.A., § 1252(1), we must initially determine the validity of the complaint out of which arose the constitutional issue respecting the statute, since the Court's jurisdiction of a violation of the proscriptions of Section 1252(1) depends upon a complaint that meets the requirements of the Constitution of Maine, Article 1, Section 6 to the effect that—

> "In all criminal prosecutions, the accused shall have a right . . . ;

"To demand the nature and cause of the accusation, and have a copy thereof; . . . ."

■ A criminal complaint lacking any of the essential elements of the crime intended to be charged cannot confer jurisdiction upon the court to try an accused and no lawful sentence can be imposed thereunder. State v. Nelson Freightways, Inc., 1973, Me., 309 A.2d 125.

■ Jurisdictional questions are always open to judicial scrutiny. Dow v. State, 1971, Me., 275 A.2d 815.

In State v. Houde, 1955, 150 Me. 469, 114 A.2d 366, this Court ruled that a complaint charging a defendant with reckless driving under 29 M.R.S.A., § 1311 in the language of the statute, and no more, was fatally defective in violation of Article I, Section 6 of the Constitution of Maine.

This Court then said:

"The right of the accused to be informed of 'the nature and cause of the accusation' against him is guaranteed by the Constitution. * * * We must guard against any procedure which tends even slightly to reduce the value of this great right of free men."

In *Houde,* we further stated:

"The core of the offense of 'reckless driving' plainly lies not in the act of operating a motor vehicle, but in the manner and circumstances of its operation.

* * * * * *

"Until the manner and surrounding circumstances of operation are known, it is impossible to determine whether or not there has been a violation of the statute. From the statement 'in a reckless manner' taken alone, as in this complaint, the respondent gains no information of the facts from which the State will seek to prove the ultimate fact of 'reckless driving.' "

In Carlson v. State, 1962, 158 Me. 15, 176 A.2d 844, the *Houde* admonition was found to have been complied with, where the complaint additionally alleged that the accused on designated streets drove recklessly at a great excessive speed and through two stop signs at identified locations.

In State v. Child, 1962, 158 Me. 242, 182 A.2d 675, where 29 M.R.S.A., § 1252(1) [then R.S., 1954, c. 22, Sec. 113(1)] was involved, this Court equated the pleadings therein with those in *Carlson,* supra. There was, indeed, great similarity, as the charge in *Child* was that he drove an automobile at a careless and imprudent rate of speed greater than was reasonable and proper [the statutory language] with the additional allegations that Child did operate the car at a *grossly excessive rate of speed and did race with another automobile traveling along Congress Street at a time of day when pedestrian and vehicular traffic were very heavy and congested.* As readily appears, the indictment in *Child,* by detailing the particulars of the manner of operation of the motor vehicle, such as the grossly excessive speed, the participation by the accused in a race with another automobile on Congress Street, which we take judicial notice is not a race track, and the time of the speed contest, to wit, when pedestrian and vehicular traffic were very heavy and congested, gave ample information to the defendant as to what the State charged as to operation.

■ Notwithstanding that in *Child* the Court seemingly approved in dictum State v. Randall, 1919, 107 Wash. 695, 182 P. 575, which stands for the proposition that a complaint for driving a vehicle at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the way by others, falls within the rule of those cases which hold that a complaint in the language of the statute is sufficient, we now rule, as we did in *Houde,* supra, and *Carlson,* supra, that a complaint or indictment charging a violation of 29 M.R.S.A., § 1252(1) in the statutory language or its equivalent, and no more, is fatally deficient.

■ The manner of operation of the vehicle and the surrounding circumstances are constituent elements of the offense. These varied conditions, such as the amount or type of traffic, the surface or width of the way, the time of day or night, the nature of the weather, or any other circumstance which in the case of the ordinarily careful and prudent operator would affect the speed at which he would operate his vehicle, either singly or in combination, may convert, what otherwise and under different circumstances would be a driving of a vehicle at a careful and prudent speed, to a case of driving at a speed greater than is reasonable and proper in violation of 29 M.R.S.A., § 1252(1). To the extent that the surrounding circumstances serve to determine the reasonableness and prudence of the speed of a motor vehicle, they become necessary ingredients of the offense and must be alleged to give adequate information to the defendant of the crime with which he stands charged.

■ The instant complaint, besides charging a violation of 29 M.R.S.A., § 1252(1) in the statutory terms, adds thereto as specifics of the charge—

"in that said Russell D. Scott did then and there operate said motor vehicle *at an excessive rate of speed while dodging in and out of traffic.*"

The mere allegation of excessive speed in and of itself, without more, is a mere repetition of the already stated operation of the motorcycle at a careless and imprudent rate of speed greater than was reasonable and proper under all the then existing conditions. It disclosed nothing new. Does the allegation that the defendant did then and there operate said motor vehicle at an excessive rate of speed, when read in the context of the added information, "while dodging in and out of traffic," sufficiently inform him of the factual nature of the charge to meet the constitutional requirements? We think not.

We must have in mind, as stated in *Child,* supra, that a person prosecuted under this section is not charged with the violation of a specific speed limit violation, but, rather, with the violation of a speed regulation where the speed limit is dictated by the circumstances and conditions obtaining at the time of operation. The same would be true as to what would be an excessive rate of speed "while dodging in and out of traffic," whatever meaning such expression may connote.

We must bear in mind, also, that the complaint states no specific rate of speed at which the vehicle was being operated "while dodging in and out of traffic," such as might indicate per se a careless and imprudent speed in violation of this section.

Furthermore, there is no information given as to the nature of the traffic in and out of which the defendant is charged with operating his motorcycle at an excessive rate of speed, whether it is oncoming traffic or ongoing traffic, or both. Nothing is said as to whether this in-and-out-of-traffic dodging relates to one single passing or to more than one. No reference is made to any congestion then existing on the road or other condition which made the defendant's passing of traffic at the speed he was operating careless and imprudent.

In Webster's New International Dictionary, the pertinent meaning given to the word "dodge" is an "act of evading by some skillful movement; a sudden starting aside; . . . ." In itself, it conveys no nefarious connotation. To dodge in and out of traffic under ordinary circumstances is an every day occurrence to the average motorist. Certain traffic, road or weather conditions, however, may dictate to the ordinarily careful and prudent driver at what speed he should operate his vehicle while dodging in and out of traffic in order to comply with the requirements of 29 M.R. S.A., § 1252(1).

Failure to allege the existing conditions which affected the speed at which the defendant should have been driving to bring it within the scope of 29 M.R.S.A., § 1252(1) is fatal to this complaint.

As the underlying complaint does not allege an offense, we must dispose of this report without reaching the constitutional attack upon 29 M.R.S.A., § 1252(1). State v. Good, 1973, Me., 308 A.2d 576.

The entry will be

Appeal sustained.

Case remanded to the Superior Court for dismissal of the complaint.

WEBBER, J., sat at argument, but retired before this opinion was adopted.

All Justices concurring.